# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51292

STATE OF IDAHO,

      Plaintiff-Respondent,

v.

ROBERT EMANUEL WILKINS, JR.,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: February 24, 2026

Melanie Gagnepain, Clerk

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Darla S. Williamson and Hon. Cynthia Yee-Wallace, District Judges.

Judgment of conviction for unlawful possession of a firearm, <u>vacated</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Elizabeth H. Estess, Deputy Attorney General, Boise, for respondent.

---

TRIBE, Chief Judge

Robert Emanuel Wilkins, Jr. appeals from his judgment of conviction for unlawful possession of a firearm. For the reasons set forth below, we vacate Wilkins's judgment of conviction.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

After Meridian police officers arrested Wilkins on an out-of-state extraditable felony warrant, they decided to impound the commercial box truck he had been driving and to conduct an inventory search pursuant to Meridian Police Department's (MPD) policy manual. Wilkins had lawfully parked the truck sideways in a parking lot of a restaurant during its regular business hours. Officer Herscowitz determined that impoundment was necessary because Wilkins was the sole occupant, refused to provide contact information for anyone who could retrieve the truck, and no one else was available to take possession. Officer Herscowitz also considered the risk of theft or vandalism if the truck was left unattended.

1

Prior to towing the truck, Officer Riggs began an inventory search of the truck but stopped when advised that a drug-dog sniff would occur. After the drug dog alerted on the truck, Detective Caygle-Kohring took over the scene and searched the truck. During the search, Detective Caygle-Kohring discovered a firearm inside of a backpack, which was located in the cab of the truck. Officer Herscowitz filled out the inventory form for Detective Caygle-Kohring and listed certain items on the inventory form but did not list the firearm because it was booked into evidence.

The State charged Wilkins with unlawful possession of a firearm. Wilkins moved to suppress the discovery of the firearm, arguing the dog sniff was unconstitutional. Wilkins also argued that the impoundment and inventory search of the truck were unlawful because the officers failed to follow the MPD's policy manual and used the inventory search as a pretext for an evidentiary search. The district court found that the dog sniff and the entry into the truck to move it to facilitate the dog sniff were constitutionally unreasonable. However, the district court determined that a later search of the truck, which uncovered the firearm, was justified as part of the inventory search after the officer's decision to impound the truck. Finding that the inventory search was reasonable, the district court concluded the independent source and inevitable discovery exceptions to the warrant requirement applied and precluded suppression. Therefore, the district court denied suppression, concluding that the firearm would have been discovered independently through a lawful inventory search and that the decision to impound the truck was made for legitimate noninvestigatory reasons.

Wilkins filed a motion to reconsider, arguing that the inventory search violated the MPD's policy manual and was a pretext for a criminal investigation because Detective Caygle-Kohring conducted an evidentiary search simultaneously, which Wilkins claimed showed an improper motive. The district court denied the motion, ruling that any deviation from policy was minor and that Wilkins provided no authority establishing that simultaneous inventory and evidentiary searches were impermissible or indicative of improper motive.

Following the Idaho Supreme Court's decision in *State v. Ramos*, 172 Idaho 764, 536 P.3d 876 (2023), Wilkins filed another motion to reconsider. Wilkins argued that the inventory search was unlawful because the officer decided to impound the truck, at least in part, to prevent potential property theft and damage. The district court denied Wilkin's second motion to reconsider and ruled that the inventory search was not based solely on the officer's concerns of theft or property

2

damage and "reasonable under the circumstances." After trial, the jury found Wilkins guilty of unlawful possession of a firearm, Idaho Code § 18-3316. Wilkins timely appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Wilkins argues the district court erred by denying his motion to suppress the evidence (discovered after the inventory search) and his motions to reconsider. Specifically, Wilkins argues the district court erred in finding the officer's decision to impound the truck was reasonable because the district court relied on improper grounds in reaching that conclusion. Wilkins contends the officer's decision to impound the truck was unreasonable because that decision was based on the MPD's policy manual instead of serving a legitimate community caretaking purpose. In addition, Wilkins argues that, since the impoundment and inventory search were improper, the inevitable discovery and independent source exceptions to the exclusionary rule were not applicable. The State responds that the district court correctly concluded that the decision to impound the truck did not violate Wilkins's Fourth Amendment rights. We hold that the district court erred in finding the officer's decision to impound Wilkins's truck reasonable.[1]

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. U.S. CONST. AMEND. IV. Warrantless searches are presumed to be unreasonable and therefore violate the Fourth Amendment. *State v. Hollist*, 170 Idaho 556, 561, 513 P.3d 1176, 1181 (2022). The State may overcome this presumption by demonstrating a warrantless search

---

[1]     Because we hold that the district court erred in finding the decision to impound Wilkins's truck reasonable, we need not address the remainder of his arguments.

either fell within a well-recognized exception to the warrant requirement or was otherwise reasonable under the circumstances. *State v. Hoskins*, 165 Idaho 217, 221, 443 P.3d 231, 235 (2019).

The inventory search is one such exception to the warrant requirement. *South Dakota v. Opperman*, 428 U.S. 364, 374-75 (1976). An inventory search following the impoundment of an automobile in carrying out an officer's community caretaking function "is a reasonable and legitimate means to safeguard the owner's property, to prevent claims against the police for lost or stolen property, and to protect the police and others from dangerous instrumentalities that may be inside the vehicle." *State v. Weaver*, 127 Idaho 288, 290-91, 900 P.2d 196, 198-99 (1995) (internal citations omitted). Such warrantless inventory searches, when conducted in compliance with standard and established police procedures and not as a pretext for criminal investigation, do not offend Fourth Amendment protections against unreasonable searches and seizures. *Id.* at 290, 900 P.2d at 198. However, the origin of the vehicle's inventory search--the impoundment itself--is a seizure, which is also subject to the Fourth Amendment prohibition against unreasonable seizures. *State v. Smith*, 175 Idaho 635, 646, 569 P.3d 137, 148 (2025). Specifically, the impound must first and foremost "be reasonable under all the circumstances known to the police when the decision to impound was made." *Weaver*, 127 Idaho at 291, 900 P.2d at 199. Then the subsequent inventory search must still be conducted in compliance with standard and established police procedures. *See id.* at 290, 900 P.2d at 198.

"[E]ven if the primary purpose behind the officer's decision to impound the car is not pretextual, the State must still prove that the decision to impound the car is reasonable under the circumstances." *Smith*, 175 Idaho at 647, 569 P.3d at 149. The decision to impound a vehicle must be "[i]n the interests of public safety and as part of what the Court has called 'community caretaking functions.'" *Opperman*, 428 U.S. at 368. While the protection of the vehicle owner's property is a legitimate concern for law enforcement when performing the inventory search, such concern is not necessarily a valid purpose for deciding to impound the vehicle in the first place. *Id.* at 369; *Ramos*, 172 Idaho at 773, 536 P.3d at 885. An officer's concern that a vehicle may be stolen or damaged does not constitute a "present need for assistance" to justify seizing an individual's property. *Ramos*, 172 Idaho at 774, 536 P.3d at 886.

Wilkins grounds his argument in the Idaho Supreme Court's recent decision in *Ramos*, asserting that the impoundment was unreasonable absent a valid community caretaking purpose.

4

In *Ramos*, the Idaho Supreme Court analyzed law enforcement's community caretaking function when impounding a vehicle. The Court stated that whether impoundment of a vehicle is lawful, or reasonable under the circumstances, depends on whether it constitutes "community caretaking" by law enforcement. *Id.* at 773, 536 P.3d at 885. In *Ramos*, law enforcement found an unattended vehicle parked near a public restroom with its windows down and trunk open. *Id.* at 767, 536 P.3d at 879. The vehicle was improperly parked, slightly over a no-parking line, but not obstructing traffic. *Id.* at 769, 536 P.3d at 881. The officer, who was familiar with the owner of the vehicle, discovered the owner had an outstanding felony warrant. *Id.* at 767, 536 P.3d at 879. Without obtaining a warrant to seize and search the vehicle, the officer impounded it and conducted an inventory search, which revealed drugs. *Id.* at 766, 536 P.3d at 878. The Court held that, "where the 'primary purpose' behind the decision to impound a [vehicle] is for the police to perform an inventory search in order to investigate their criminal suspicions, the impoundment and subsequent search violate the Fourth Amendment." *Id.* at 773, 536 P.3d at 885. The Court explained that law enforcement's concern to protect the impounded vehicle's owner from theft or damage "is not necessarily a valid purpose for deciding to impound the vehicle" and is irrelevant to the reasonableness analysis. *Id.* Further, "even if the primary purpose behind the officer's decision to impound the [vehicle] is not pretextual, the State must still prove that the decision to impound the [vehicle] is reasonable under the circumstances." *Id.*

The Court in *Ramos* declined to expand the "community caretaking" rationale to justify impounding a vehicle based on potential property damage or theft for two reasons. *Id.* at 774, 536 P.3d at 886. First, the Court explained that the "community caretaking" function permits an officer to detain an individual only if there is a present need for assistance. *Id.* According to the Court, there is no such "present need for assistance" if the officer "simply believes the [vehicle] might be at risk of theft or damage." *Id.* Second, the Court reasoned that expanding the "community caretaking" rationale to include potential theft or property damage to the vehicle as a permissible reason to impound that vehicle "could open the door to tort liability for police officers" by creating a duty where one did not previously exist. *Id.*

In this case, the district court determined the inventory search was reasonable, concluding the decision to impound Wilkins's truck was reasonable based on the circumstances known to the officer and that the search complied with the established policy manual. The district court reasoned that, while its earlier order denying Wilkins's motion to suppress referenced Officer Herscowitz's

5

concerns about the risk of theft or damage of the truck in the parking lot, the district court's ruling did not solely depend on this circumstance. Instead, the district court determined that it relied on substantial evidence showing that the officer's decision to impound the truck complied with the MPD's policy manual and was based on legitimate noninvestigatory reasons.

The district court found that Wilkins was under arrest when the officer decided to impound the truck and that the MPD's policy manual grants officers the discretion to decide when to tow a vehicle when its sole occupant has been arrested. The district court determined that, under the policy manual, officers may avoid towing only when the licensed owner is present and able to assume control or when the arrestee can promptly arrange for a responsible licensed third party to retrieve the vehicle. The district court found neither circumstance applied here. The MPD's policy manual also prohibited leaving the truck on private property without permission and without providing a timeline and contact information (that Wilkins refused to provide).

The district court concluded that, based on the officer's credible testimony and on-body video, the decision to impound the truck was reasonable under the following circumstances: Wilkins had been arrested on an outstanding warrant; he appeared to be the sole occupant; the truck's owner was absent; and no responsible person could retrieve the truck in a reasonable timeframe. The district court concluded the officer's decision to impound the truck was not motivated by an investigatory purpose and that *Ramos* did not require a different outcome. We disagree. Wilkins drove the truck and parked it appropriately (given the truck's size) in a private parking lot of a business prior to his arrest. As stated above, before law enforcement may conduct an inventory search of a vehicle, an officer's decision to impound an individual's vehicle must be reasonable. *Ramos*, 172 Idaho at 773, 536 P.3d at 885.

Although the record shows the officer considered circumstances outside Wilkins's arrest to tow the truck, none of the circumstances are considered reasonable under the community caretaking rationale outlined in *Ramos*. The district court acknowledged that, in denying Wilkins's motion to suppress, it considered the potential for theft and property damage. However, the district court clarified that those concerns were not the sole basis for its decision. The district court further explained that its ruling was also supported by the truck's location in a high-crime area, Wilkins's arrest status, and the MPD's towing policies and procedures. As stated in *Ramos*, law enforcement's concern in protecting an impounded vehicle's owner from theft or damage is not necessarily a valid purpose for deciding to impound the vehicle and is irrelevant to the

6

reasonableness analysis under the community caretaking function. *Id.* In addition, the record does not indicate the truck parked sideways in the restaurant's parking lot impeded the restaurant's operations or prevented its patrons from accessing the building. Likewise, the record is devoid of any indication that the officers contacted the restaurant's owner to determine whether the truck would impede or interfere with the establishment's regular operations. In fact, Officer Herscowitz's testimony indicates that the truck was lawfully parked.

In *Ramos*, the Court identified examples of impounding a vehicle that obstructs traffic or threatens public safety as serving a reasonable community caretaking purpose. *Id.* at 773-74, 536 P.3d at 885-86. Unlike in *Ramos*, here, the State did not present evidence that Wilkins's truck, which was parked in a lot, either obstructed traffic or threatened public safety. The record does not provide evidence indicating that the decision to impound Wilkins's truck served a legitimate community caretaking purpose, such as being parked in a no-parking zone, obstructing traffic, or violating any parking ordinances. Without such evidence, the officer's justification for his decision to impound the truck is insufficient.

The State argues that the officer reasonably exercised his community caretaking function in towing the truck and inventorying it because he did so according to the MPD's policy manual. The State's argument appears to imply that adherence to the MPD's policy manual establishes that the officers were acting in a community caretaking capacity. We disagree. Compliance with an internal policy does not determine whether the officers were in fact acting in a community caretaking capacity at the time of the impoundment. Although a standardized policy may offer some support for the reasonableness of the officers' actions once the community caretaking role is established, it does not satisfy the threshold inquiry--whether the officers were engaged in that role in the first place. Internal policies cannot replace the constitutionally required case-by-case analysis. Thus, even assuming a law enforcement agency maintains a policy mandating impoundment under the circumstances present here, the existence of that policy does not, standing alone, demonstrate that the officers were acting as community caretakers.

Nonetheless, we reject Wilkins's contention that the officers' primary purpose for conducting the inventory search of the truck was a pretext for further investigation. Just because the State did not provide sufficient evidence to justify the impoundment of Wilkins's truck as a community caretaking function does not mean the officer acted in bad faith or had ulterior motives. Instead, and according to the Idaho Supreme Court's decision in *Ramos*, we hold that, without a

7

legitimate community caretaking purpose, the officer's decision to impound Wilkins's truck was not reasonable. As a result, the search of Wilkins's truck does not fall within the inventory exception to the Fourth Amendment's warrant requirement.

The district court erred in concluding that the inventory search of Wilkins's truck was proper. The State failed to meet its burden of showing that the officer's decision to impound Wilkins's truck was reasonable (i.e. served a community caretaking purpose). As a result, the decision to impound the truck was not reasonable, making the ensuing inventory search a violation of Wilkins's Fourth Amendment rights. Therefore, the evidence obtained from the inventory search should have been suppressed. Because we hold that the district court erred in denying Wilkins's motion to suppress, we need not address his argument regarding the district court abusing its discretion in denying his motions to reconsider.

## IV.

## CONCLUSION

The district court erred when it found the officer's decision to impound Wilkins's truck reasonable because the State failed to show that the officer's decision served a community caretaking purpose. As a result, the district court erred in denying Wilkins's motion to suppress. Consequently, Wilkins's judgment of conviction for unlawful possession of a firearm is vacated.

Judge HUSKEY and Judge Pro Tem MELANSON, **CONCUR**.